**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4392

MALCOLM MALIK, a/k/a Elijah
Prince,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4419

CURTIS WINSLOW FULLER, a/k/a
Curtis Sherrill, a/k/a Winslow
Sherrill,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4424

BETTY REVONDA SHERRILL, a/k/a
"Bonda",
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-96-15-V)

Submitted: May 11, 1999

Decided: June 11, 1999

Before WIDENER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina; William E. Loose, Ashe-
ville, North Carolina; Noell P. Tinn, Charlotte, North Carolina, for
Appellants. Mark T. Calloway, United States Attorney, Gretchen C.
F. Shappert, Assistant United States Attorney, Charlotte, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals. Appellants Malcolm Malik, Curtis
Winslow Fuller and Betty Revonda Sherrill appeal their convictions
and sentences imposed for conspiracy to possess with intent to distrib-
ute and to distribute cocaine and crack cocaine, in violation of 21
U.S.C. § 846 (1994). Finding no error, we affirm.

We find the Government's evidence sufficient to sustain Fuller and
Malik's jury convictions. See United States v. Burgos, 94 F.3d 849,

2

857-62 (4th Cir. 1996) (en banc); United States v. Johnson, 54 F.3d 1150, 1153 (4th Cir. 1995). We also find the trial court did not abuse its discretion in admitting non-testifying co-defendant Sherrill's statements regarding Malik being her source of crack cocaine. See Fed. R. Evid. 801(d)(2)(E); United States v. Shores, 33 F.3d 438, 442 (4th Cir. 1994). We also note that even if there were error in the statements' admission, it was harmless. See Brown v. United States, 411 U.S. 223, 231-32 (1973); United States v. Eskridge, 164 F.3d 1042, 1044-45 (7th Cir. 1998). We decline to consider Malik's ineffective assistance of counsel claim because ineffective assistance does not conclusively appear from the record before us. See United States v. Martinez, 136 F.3d 972, 979 (4th Cir.), cert. denied, 67 U.S.L.W. 3232 (U.S. Oct. 5, 1998) (No. 97-9399).

In regard to Fuller's double jeopardy claim, we find no violation of the Double Jeopardy Clause. See Heath v. Alabama, 474 U.S. 82, 88-89 (1985); In re Kunstler, 914 F.2d 505, 517 (4th Cir. 1990). Neither did the trial court clearly err in finding that the Government's strike of an African-American juror was racially neutral. See Hernandez v. New York, 500 U.S. 352, 358-59 (1991); Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). Appellants' argument based on 18 U.S.C. § 201 (1994) also fails. See United States v. Lowery, 166 F.3d 1119, 1122-23 (11th Cir. 1999).

Finally, the court's reliance on the findings of the presentence investigation report was sufficient for purposes of Fed. R. Crim. P. 32(c)(3)(D). See United States v. Walker, 29 F.3d 908, 911-12 (4th Cir. 1994). To the extent Fuller and Sherrill raise specific objections to the amount of crack cocaine for which they were held responsible, the evidence was sufficient to support the court's findings. See United States v. Hicks, 948 F.2d 877, 881 (4th Cir. 1991).

We affirm Appellants' convictions and sentences. We grant Malik's motions to submit a pro se supplemental brief* and to file a supplemental reply brief. We also grant the Government's motion to

_____

*Although we grant Malik's motion to file a pro se supplemental brief and have considered the claims raised therein, we find that they are without merit. There is no showing of prosecutorial misconduct or of a due process violation.

3

submit the case on the briefs because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4